need to be seeded This case for this court today is one of the circuit courts January 10th 2014 summary dismissal of Mark Anderson's post-conviction petition is void for the court made that summary dismissal more than 90 days from when the petition was void. This court has said it's void and the only Supreme Court has repeatedly said it's void and people versus Porter. The Supreme Court held that the 90 days statutory period governing summary dismissals is mandatory. Therefore, courts have repeatedly held up 90 day time frame for the initial review and summary dismissal dismissal provides for no exceptions. Isn't there a question as to when when the post the post-conviction petition was actually docketed? There's not a question over that because this court has recognized and all the parties agreed previously that little controls this case to the extent that Mr. Anderson's first post-conviction petition merely reinstated his right to an appeal. Therefore, his successive petition was not actually a successive petition. That was the actual holding of little. It is not a successive petition. The court little looked at previous law and found the Supreme Court is the United States Supreme Court has held that the term successive is a term of art. You have to look at the petition in the context of both the statute and the context of the case. So the court is held that just labeling successive petition does not make it one. So it's the part. Is it for you? Is the is what way to have an issue of the court's ruling? Yes, it's void. Yes, I have an issue. If it's void of an issue, then it means that you want us to do what? Remand for second stage proceedings. And if we remanded what? What? How are we supposed to remand it? Under what parameters is it supposed to be remanded? Well, because more than 90 days has passed, courts have repeatedly held that second stage proceedings are required. Should your client be a stop from making that argument simply because your client filed an improper petition, at least to the extent that he was seeking leave, he got it. Now he's claiming error. Well, I think that we actually look at what Mr Anderson filed. The notion that his petition misled the court in some ways is itself misleading. Mr Anderson did label it a successive petition, but immediately underneath where it says leave to file, he goes through the procedural history of his case. The fact that his initial petition merely got his his direct appeal reinstated delay caused because of his mislabeling of the petition. And why should you get the advantage of the delay? Well, I would argue no, Your Honor, because little was the law in Illinois at the time of judgment that ruling the court nearly needed to look at the first page of the petition, look at the procedural history and be aware that the law little required the court to find that it was not a successive petition. So to penalize a pro se litigant for not being aware that he didn't need to seek leave, but excusing the court for not being aware that this was not actually a successive petition and defendant didn't need to seek leave is fundamentally unfair. All of the information the court needed to actually see that this was, um, really his initial petition was right there in the first page of the petition. Doesn't little say, though, that until leave is granted, um, a successive petition isn't even considered filed. But under both little and I believe this court's summary ordering ending the case back in October of 2013, everyone agrees that that wasn't a successive petition. So it was, in fact, docketed when it was filed, when it was put on the court's docket. We can't have a situation where it's a successive petition at some was or wasn't a successive petition, and the losses that it wasn't so leave to file. So the court was actually just was actually docketed when it was initially filed by Mr Anderson or by the clerk on December 12. I don't think there's any authority for this suggestion by the state that it was a successive petition up until it got remanded. Now it's a first stage again under little. The law says that because he was merely seeking to reinstate the direct appeal the first time around, this petition was, in fact, his initial petition. So I don't see how we can flip flop and say it was successive. And then, you know, for purposes of docketing, but it's the first petition for purposes of all other parts of the law. It was was rules to be his first petition, so it was docketed when it was filed and docketed by the clerk. Um, you know, when this court remanded, you know, entering summary order remanding for first stage proceedings, there's no reason to believe this court wasn't expecting compliance with both the substantive and procedural aspects of first stage review under the under the act. There are two components of first stage review. One is a mandatory 90 day rule, and only then can the court move on to the substantive analysis of whether the petition has arguable merit. So here, because the court summary dismissal was made more than 90 days after the petition was docketed, it is void. You know, the state has argued that this this court's one page summary order somehow dispensed with the 90 day requirement or assigned the petition to be docketing date. I don't see how we can read that into a one page summary order that under Rule 23, the parties are required to interpret as being only consistent with existing law. So the state wants to analyze this court's order as departing from existing law, distinguishing little changing the law. But you can't read that into what this court did in a one page summary order. There's nothing in that court's order from which, you know, new rules that the state's arguing, you know, this court may can be extracted from that from that order. This court has recognized that filing notice of appeal does not extend or total provisions of the act. So because, you know, the court lost authority to 10 of 2013, this January 10th of 2014 dismissal was void. What's your response to the claim by the state that this is raised judicata? Well, it's not raised judicata because, you know, an issue in the first appeal is whether the January 10th of 2013 dismissal was improper because under loss, it was merely reinstating a direct appeal. Well, you previously said void and void and improper are two different things. So which is it? Is it void or is it improper? It's void, but the reason it's not raised judicata is because it's void because it's without authority. I think you wrote in your brief. Correct. And so it's void because it's without authority. Is it void because of lack of subject matter jurisdiction? Um, you know, the way the court has analyzed it, such as the only Supreme Court in Brooks, which is cited in the briefs, have just said that the court loses its statutory authority to summarily dismiss. The legislature, you know, put this rule into effect, said you can do these summary dismissals, but only within 90 days. The court loses authority. I mean, that's just how the Supreme Court has described it and has described these orders as void if they're made outside of the 90 days. In the case, I think it's called Henry Rodriguez or Ruiz, one of the two, and it's the Supreme Court decision that basically said that there is no such thing as statutory unauthority or authority as voidness. It was a case where a juvenile was being prosecuted as an adult, and the trial judge found that it lacked jurisdiction and that the order was void that or I should put another way that he couldn't transfer the case. We in the appellate court, I court, and I think Justice Thomas said it doesn't make any difference what the statute says. As long as the court is a court of original jurisdiction, it has jurisdiction over all justiciable matters. This juvenile proceeding is a judicial matter, so therefore their subject matter jurisdiction. So I think they were talking about jurisdiction in that case. Well, they were talking about subject matter. Jurisdiction is being the issue of voidness basically said there are only two. There's either subject matter jurisdiction based upon lack of justiciability in an original jurisdiction court or there's no jurisdiction because of for some reason they don't have personal jurisdiction over the individual. Well, personal jurisdiction wasn't an issue. So if you follow that case, which it's kind of hard to follow, but be that as it may, there is no such thing as a violation of statutory authority as being void. I guess I wonder then how how that court did it. Subsidized seal overruled the Brooks decision where it was. Trim court said yes, this is Blake. As recently as last year, people would be homicide. You know, in that case, they were dealing with a defective. I believe it's effective affidavit. And when the court found that, you know, it wasn't appropriate to dismiss on first stage, they were mandated for second stage proceedings. They didn't discuss believe this in that case, but they've adhered to that notion that the court cannot dismiss this after after 90 days, as recently as last year, this court enter an order remaining it back for first stage proceedings or consideration. It did. And did you file a PFR? I don't think that there's any problem with this court's order. They file a notice of appeal or petition for legal appeal to Supreme Court relative to that aspect of the decision that remanded it back for 90 days window or the 90 day window remanded it back for the 90 day window. This court's order says go back for first stage proceedings, not second stage proceedings. Nothing in that order says dispensing, which is statutory and mandatory. I don't see how that order can be read as doing anything other than asking the court to look at it from the first stage. There are two components at the first stage. Isn't it implicit that if they send it back for the first stage proceedings that it means that the appellate court decided that 90 days hadn't run because if they had decided that 90 days would have run, they would have followed all the case law you cited and would have sent it back for second stage proceedings. There's nothing in a one-page summary order that can be seen as a departure from all of the case law that says this is a mandatory rule. So I think, you know, if this court was intending to depart from Little in that would probably have been a published decision, you know, just describing why they thought Little was wrong. But in a Rule 23 summary remand, you know, the presumption is that the court is adhering to the existing law, including Little, including all of these cases that have held that this is mandatory. You know, the court sending it back for first stage proceedings, you know, to give the judge an opportunity to herself address both components of, you know, first stage proceedings. I don't see that as a problem, but I see what I see as a problem is the state's arguing that the order actually did something more than that, which is just send it back for compliance with first stage law and another statute. Well, the words of the order are beginning with the initial consideration of the petition. Correct. Doesn't that infer that we're beginning at the initial stages of the petition? Correct. But how can that be read as changing the docketing date when the docketing date comes from the statutory language? The initial thing that you do is you docket it, right? Right. So it was according to Brooks when it was sent in by the defendant, filed and placed on the court's docket. In none of these cases where the court has remanded, do we ever have a new docketing date pop up? There's not a single case that the state has cited. So to glean that from again, a Rule 23 order that's not meant to depart from existing law, I think that would be improper under Rule 23. No case has ever remanded it and said, new docketing date starts now. Not one case. The state has cited no case. So to read a one page order in that manner, I think the parties have to interpret this rule consistently with, you know, existing law. Do you realize the unfairness of what you're arguing? I don't think it's unfair at all. The legislature has made clear they only want these things summarily dismissed in the first 90 days. If it doesn't get dismissed in 90 days, the defendant gets a lawyer to help them take a look at his claims. The 90 day rules to protect a defendant. I don't think it's not unfair. Well, this defendant files two petitions. The first one doesn't count, but you wouldn't necessarily know that by looking at the face of the second petition. And if the second petition asked for leave and apparently claims that it's the second petition and the trial court denies leave to file, then you come up here and argue that it's got to go to second stage because the trial court erroneously followed the procedural status of the case and made a ruling on what it was that your client sought made an improper ruling based upon things that weren't on the face of the document. And when it gets sent back, the state isn't given the benefit of the 90 day, uh, period for the court to determine whether or not it's frivolous. So if we adopt the logic of your argument, then we're setting up a procedure where defendants in situations where they have filed a second petition that should be counted as the first one and asked leave be granted and leave is not granted, then there's automatic error. And it doesn't just go back to where it's quote unquote. Now it should be docketed. It goes back to the second stage proceeding. And so by allowing your client to set up this scenario, it seems unfair to me. I would just, I would just note that again, Mr Mr Anderson is an incarcerated pro se litigant. He's not trying to gain the system. You're saying it was brilliant by chance. Well, he was trying to follow the rules because he knew he had followed a previous, you know, filed a previous petition. You know, the little case came down two or three months before he filed his petition. Are we expecting a pro se litigant to be aware that, oh, I don't actually have to seek leave. I expect the court to be aware of that. But we expect Mr Anderson was in jail to know about a two month old case and realize he's not required to seek leave. So I think that the idea that this is unfair because he's, you know, he's the one that made the error. He put everything that the court needed to realize that this actually shouldn't be being treated. Um, he explained how had gone back. He explained how that exact judge had made a ruling under Ross that he was in fact entitled to reinstate his direct appeal. So all the facts are there. Defendants are required to play facts, not law. So he did everything he could to explain to the court the position that his petition was in. And it was the court that seemed unaware of the lot of little. So I really, I don't think it's defendants fault. He's not trying to be in the system. He didn't do anything wrong. Mhm. Thank you. Yes. Right. Before I forget, yeah. Thank you. Go ahead. Please. The court counsel. Um, if the court doesn't have any initial questions, I'm going to begin by talking about council's response to the question about the rest of the kind of issue. And, um, she spoke at some length about how the summary order or will 23 that departs from established law can't be the law of the case, which she may not have used that term law of the case. And I don't even use it in its technical term. But certainly when this court said this case goes back for initial first stage proceedings, it did that based on the motions practice that happened between the appellate defender and the Dukas kind of state's attorney's office on this exact issue. We made the same arguments. The appellate defender in their motion for summary remand said this is a not a successive. It needs to go back for second stage proceedings. And I, in my response to that said, I don't disagree that the procedural morass of this case puts it in a position where the defendant actually is probably entitled to an initial initial post conviction petition. But I disagree that it needs to go back to first stage because he titled it a successive post conviction petition. He filed a motion for leave to file that post conviction petition. And although ultimately this court determined it was unnecessary to have done so, he did it then. And the argument was and remains that by doing that, the petition did not become filed for purposes of that 90 day rule kicking in until this court said this is not a successive petition and therefore the 90 days starts to run when that mandate ran and the trial court then within 90 days that day issued the order dismissing the petition is for mostly and patently without merit. So you're saying that initial docketing initial docketing of that post conviction petition didn't count and it only counted to docket. Once we made our decision, I'm actually saying that it was never I guess it was never filed or docketed for purposes of the 90 day rule at all because he was filed, right? It was accepted by the clerk and I'm using that term purposefully because that's the term that's used in the parlance of successive post conviction petitions. It was accepted by the clerk. But as the Supreme Court noted in the point, that acceptance doesn't mean anything in a successive petition situation. Now I and therefore what happens is and and this is a particularly this procedural um the procedural chronology of this case is crazy. I mean it's just going on and on and that's and it's just unique. I I venture to say it's really quite unique and probably doesn't come up but you know one in a million kind of situations. However in this instance all the all the ducks were sort of in a row for the trial court. She got a motion for leave to file a successive petition and a petition labeled successive post conviction petition. That motion, the law directs that that motion is what's first ruled upon and you must make that initial showing with the successive post conviction petition. That's what the court did. Denied leave to file. The defendant gets an appeal from that on appeal. The defendant said no, no, that's not correct. I shouldn't have had to do that because it's really not a it wasn't really a successive petition. Let's send it back. So you're saying that the that the docketing occurs once the court gives leave to file a successive or once the court determines that wasn't a successive, go ahead and file that motion was unnecessary. Exactly. Really all we all that happened prior to this court's order, however brief it might have been, it's dispositive order. That's what then everything prior to that was litigation on the motion to file a successive gives leaves and that's and that's precisely the belief that the people asked for in the first appeal, which is why I argue that the defendant has forfeited the right to argue otherwise because that should have been done in a petition for rehearing and or a petition for leave to appeal to the Supreme Court from that original appeal. And I say original only with respect to the success of post conviction. So that to 13 oh 393 appeal, if his if his contention was that this court was wrong, then he should have taken that up. Why did you argue that it was race judicata? If race judicata only applies when we're talking in terms of a final judgment. Obviously, the summary order was not a final judgment, was it? Because it remained at that for further proceedings. So race judicata. Well, final judgment as to final judgment as to the question that between the final judgment means and I use a special term. It's a final final judgment, which means that it is not subject to appellate review, either because it's been resolved in the appellate court and either the time to file a petition for legal appeal has ended or there's been a denial. And if the appellate court last jurisdiction because the time for the PFR has run, then it's a final final judgment. A terminology is a judgment that is appealable from the trial court. And until the judgment is appealable from the trial court and it has gone through all the necessary proceedings whereby appellate review be it done or not done because time has expired. That's when it becomes a final final judgment. And that's when race judicata applies. If it's not a final final judgment, then it's subject to appellate review. And if it's only in the trial court and it's being remanded like this, it's not race judicata because it's not a final judgment. There is something, however, called the law of the case. Did you argue law of the case? No. I see the difference between the law of the case and race judicata. I do. And I certainly pardon me for interrupting because it points out what I mean when I say final final. If there's a verdict comes up here on appeal, we reverse it back. That's not a final judgment until there's a new trial and it comes back up for review or the time is expired. And that's where law of the case comes. So candidly, I'm going to say, well, first of all, of course, I'm deferring to your knowledge in this realm. Absolutely. Because I can't believe we have this discussion on a regular basis in our unit about when law of the case applies, when race judicata applies, and perhaps we will be well directed to make sure that we study this in some depth. That said, um, and so you're absolutely correct that I did not argue law of the case and that that term does not appear in my brief as far as I can recall. Um, my point, however, was that if this matter was a matter of which to which the defendant wished to direct this court again and or a higher court, he needed to have done that in the confines that were available to him in his earlier appeal that we shouldn't be talking about it yet again. Let's assume for the moment that the summary order didn't say anything. It just remanded it back and the trial court started from day one or when it when the case was remanded back in the mandate was issued on 90 days in the date of the mandate issuing the trial court made a ruling that was frivolous. Is there anything wrong with that? Regardless of what we said, Oh, I don't believe there's anything wrong with what? And that's because your argument is, is that the docket didn't take place until our mandate issued and it was filed back in the trial trial court. And that's that's when the 90 days start. Yes. So you can argue if you wanted, but you don't have to. The summary order really doesn't mean anything other than it was sent back. And because it's not docketed until Lee was granted and the summary order was the first indicia that some judicial order was entered, that there was the ability for a court to actually address the merits of the case. Then the filing date with the clerk would have been the first day of the 90 day period. I and I think that is what I have argued, which is to say that are correct that everything up until that point was litigation on the motion that when this court said this isn't a successive petition and sent the order back to the court, the mandate issued that was 90 days. You've argued the point, which means that we could theoretically affirm on any issue, any theory. Yes. If there are no other questions, I don't think I can elaborate more than I did in brief. Thank you. Thank you. Come on back up. I just like to make two points on rebuttal. One is that you know, there seems to be some wavering about whether the state believes this was in fact a successive petition or if it was in fact a first petition. Um, we all agreed that we should be remanded because it was in fact a first petition. But it wasn't there. And doesn't she bring up an wasn't the the the hearings and the appeal concerning whether or not it was a successive post conviction petition. So you could only have leave to file a success post conviction petition when the court grants you that leave. We did that here. So when it went back, how could the initial docketing of the post conviction petition? How could that be the initial date when he wasn't given leave until he came up here? But I think by sending it back, this court recognized that under little it wasn't ever a successive petition. The law governs whether it was a successive petition, not what the defendant called it. And little is very clear. It is not a successive petition. It looks at all the habeas law. It looks at, you know, the Supreme Court decisions and says that you have to take all that into context. So this was never a successive petition. Um, and you're saying that the judge should have recognized it. I do think I think that state's argument that when this court sent it back, it granted leave. I don't see that anywhere in the order we didn't grant leave. It found that it wasn't actually successive petition in the first place. So I'm not sure the state is clear on what it thinks it magically transformed to a first stage. But I think the law's clear was always the first actually first stage petition. So that is the relevant docketing date. Right. And I guess my second argument or my point would just be that, you know, with respect to a lot of the case, the parties were arguing over whether it should go, you know, whether it will apply. You know, the state was arguing with you think it should have differently. All of the law was on the defendant's side. The state was asking the court to depart from that law. So again, if this court remanded in a rule 23 order that is meant to be read as consistent with the law, it should be read as consistent with Mr Anderson's position, not the state's position because they were asking for departure in the law. So this court has no more questions. I have one question. Are you aware of any case where leave was not granted and on review by the appellate court, it went back to second stage instead of going back to first stage proceeding. Relieve was never granted. It wasn't. Sorry. So the question is, leave was never granted. It was in fact a successive petition situation. Never granted until on appeal that the appellate court, either the appellate court of the Supreme Court decided that leave should have been granted and thereafter also determined that it should then go to the second stage instead of the first. You know, I can't think of a case off the top of my head, but I believe that probably they've done that in cases where the court didn't find it wasn't actually a successive. It really was a successive and we just should have been granted. No, it wasn't. It was not a little. That's what the court did a little and it relied on its previous decision. I believe in men. So I mean, it's got back for second state. So back for second stage. Thank you. Thank you. Uh, this case will be taken under consideration and the decision will be out in due course and the court is adjourned. Thank you.